IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL STRADER, )  )  Petitioner, )  )  v. )  )  CHARLES L. HINSLEY, )  )  Respondent. ) | Case No.: 3:04 cv 389 WDS |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge William D. Stiehl pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the respondent, Charles L. Hinsley, on February 28, 2005 (Doc. 9). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, that the petition for a writ of habeas corpus be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

Findings of Fact

The petitioner, Michael Strader, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 with this Court on June 7, 2004 (although it is dated May 24, 2004). Strader indicates that he was convicted of murder and attempted murder on June 3, 1994 and sentenced to 60 years and 30 years, respectively, to run consecutively. (Petition at pp. 5-6) He filed a direct appeal of his conviction on April 26, 1995 (with the trial court); unsuccessfully appealed to the Illinois Court of Appeals, People v. Strader, 663 N.E.2d 511 (Ill. App. Ct. 1996); and, ultimately, a subsequent appeal was denied by the Illinois Supreme Court on October 2, 1996. People v. Strader, 671 N.E.2d 741 (table) (Ill. 1996); (Petition at pp. 5-6; Motion to

Dismiss (hereinafter "MTD") at Ex. A)  There is no indication that Strader appealed to the United States Supreme Court.

The federal petition further indicates that Strader's first petition for post-conviction relief was filed in state court on April 2, 1997.  (Petition at p. 7; MTD at Ex. B)   In this state petition, Strader raised numerous grounds, including ineffective assistance of counsel, trial errors, and the failure of the trial court to order a competency hearing.  (Petition at p. 7)  From the federal petition, it appears that Strader only appealed a denial of this first state petition to the Illinois Appellate Court, which affirmed the trial court's decision on January 7, 2000.  (Petition at p. 8) However, the record reveals that the first state petition was appealed to the Illinois Supreme Court, which denied the petition on April 5, 2000.  People v. Strader, 729 N.E.2d 503 (table) (Ill. 2000); (MTD at Ex. C)

Strader filed a second petition for post-conviction relief with the state courts on March 5, 2001.  (Petition at p. 8; MTD at Ex. D)  In this second state petition, Strader challenged sentencing, asserted a violation of his right to a speedy trial, and raised another ineffective assistance of counsel ground.  (Petition at p. 8) This petition was dismissed by the Madison County Circuit Court on May 28, 2003.  (MTD at Ex. E) After the dismissal was affirmed by the Illinois Court of Appeals, the Illinois Supreme Court denied leave to appeal on March 24, 2004. People v. Strader, 809 N.E.2d 1291 (table) (Ill. 2004); (Petition at p. 9; MTD at Ex. F)

In the federal petition before this Court, Strader raises 3 grounds for relief: denial of a fair and speedy trial, ineffective assistance of counsel (concerning trial errors and a fitness hearing); and a  violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).  (Petition at p. 10) These appear to be the same arguments that Strader raised in his second post-

conviction petition before the state court.

## Conclusions of Law

It is unnecessary for the Court to hold a evidentiary hearing on this matter as it can be considered on the briefs and evidence supplied by the parties. As an inmate in state custody, the petitioner seeks relief pursuant to 28 U.S.C. §2254, which is codification of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This code section contains a number of requirements including the exhaustion of state court remedies and a showing that the state courts erred in either the law applied to the petitioner's claims or the facts relied on in basing a decision. 28 U.S.C. §2244(d) further provides the time limits for the filing of a habeas petition:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State

>post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The burden is on the respondent to show that the petition is untimely. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004). The respondent argues that the petition is untimely as it was filed more than a year after the conclusion of direct review.

28 U.S.C. 2244(d)(1)(A) provides that the 1 year limitation period begins to run at the conclusion of Strader's direct appeals. From the record in this case, Strader's conviction was affirmed by the Illinois Supreme Court (the state court of last resort) on October 2, 1996. Even though Strader did not appeal this decision to the United States Supreme Court, he is entitled to the 90 days within which he could have appealed the decision. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002). As such, Strader's conviction became final, and the clock started to run, on December 31, 1996.

Strader filed his first post-conviction petition on April 2, 1997. Pursuant to 28 U.S.C. 2244(d)(2), the filing of this petition tolled the limitations period. At this point, then, 92 days had elapsed of the 1 year time period. Notwithstanding Strader's arguments the contrary, these 92 days counted against him based on the plain reading of the statute. See also Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) (stating that "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); Harris v. Hutchinson, 209 F.3d 325, 327-328 (4th Cir. 2000) (same). This first post-conviction petition was pending until the Illinois Supreme Court's

decision on April 5, 2000.[1]

Strader filed his second post-conviction petition on March 5, 2001. Just as the period between final direct judgment and the filing of his first post-conviction petition counts against Strader, so to does the time period between April 5, 2000 and March 5, 2001. As such, in addition to 92 days, 334 days count towards the 1 year limitations period. The Illinois Supreme Court rendered a final judgment on this second petition on March 24, 2004. Strader dated his petition before this Court on May 24, 2004 – an addition 60 days. At this point, then, 486 days had elapsed and Strader was out of time. He is thus time-barred from filing a habeas petition before this Court pursuant to 28 U.S.C. §2244(d)(1)(A) and (d)(2).

Strader, however, also appears to argue that his petition should be construed in light of 28 U.S.C. §2244(d)(1)(C) as he filed his second post-conviction petition with the state courts because of the Supreme Court's ruling in Apprendi.[2] (Response to MTD (Doc. 10) at pp. 2-3) That code section provides that the 1 year period begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This claim, however, still would fail. Apprendi was decided on June 26, 2000 and held that: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-2363. Even if the right established in

---

[1] Strader is not entitled to an additional 90 days for seeking review by United States Supreme Court. Gutierrez v. Schomig, 233 F.3d 490, 491-492 (7th Cir. 2000).

[2] Strader does not specifically make this argument (and in fact later argues that 28 U.S.C. §2244 does not apply to him). However, *pro se* petitions are liberally construed by this Court.

Apprendi was "newly recognized," the decision does not apply retroactively on collateral attack. See Knox v. United States, 400 F.3d 519, 523 (7th Cir. 2005); Dellinger v. Bowen, 301 F.3d 758, 765 (7th Cir. 2002). Therefore, section 2244(d)(1)(C) does not apply.

Finally, Strader appears to argue that the delay was the result of state court proceedings. As noted above, the time that his petitions were pending before the state courts does not count against him. Therefore, this argument is without merit. As Strader does not assert that his claim was tolled for any other reason (indeed, he asserts to the contrary that he has been diligent) his petition must be dismissed as time-barred.

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss filed by the respondent, Charles L. Hinsley, on February 28, 2005 be **GRANTED** (Doc. 9), that the Petition for a Writ of Habeas Corpus filed by the petitioner be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 18, 2005**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**